■ J. HENRY SCHRODER BANK & TRUST COMPANY, Respondent-Appellant, v SOUTH FERRY BUILDING Co., Appellant-Respondent, et al., Defendant. — Order of the Supreme Court, New York County (Irving Kirschenbaum, J.), in index No. 15813/82, entered October 11, 1983, which, *inter alia,* denied plaintiff's motion for partial summary judgment and denied defendant South Ferry's cross motion for partial summary judgment, modified, on the law, to grant partial summary judgment to South Ferry and otherwise affirmed, with costs. This is one of several actions between the parties in connection with the claims of tenant Schroder for alleged overbilling by landlord South Ferry. The claims deal with maintenance and electrical charges apportioned to Schroder as additional rent under the lease entered into in 1969. The leases of the other

tenants in the building contain so-called porter's wage escalation clauses providing for an increase in the tenant's rent by a certain amount per square foot when the minimum hourly wages of porters and other cleaning personnel are increased pursuant to collective bargaining agreement. Rather than such a porter's wage clause, Schroder's lease contained an operating expense escalation clause, negotiated by the parties. The portions of the lease pertinent to this appeal are included in article 22, "Adjustment of Rent", and are as follows: "Section 22.01. 'Tenant's Proportionate Share of Increase in Cost of Operation and Maintenance' shall be deemed to be 37.452%\* \* \* \* Section 22.02. In addition to the fixed basic rent, Tenant agrees to pay Landlord, as additional rent, an amount equal to Tenant's Proportionate Share of Increase in Cost of Operation and Maintenance of any and all increases in the annual 'Cost of Operation and Maintenance' (as hereinafter defined) over and above the 'Basic Cost of Operation and Maintenance.' (a) The term 'Cost of Operation and Maintenance' shall mean any and all expenses incurred by Landlord during an 'Operating Year', as hereinafter defined, in connection with the operation, management, maintenance and repair of the Building \* \* \* Such expenses shall include \* \* \* (i) salaries, wages [etc.] of and for employees of Landlord engaged in the supervision, operation, repair, replacement, cleaning, servicing and maintenance of the said Building \* \* \* (iv) cost of electricity furnished to the Building (excluding electricity furnished to spaces of Tenant and other tenants and occupants of the Building for their own lighting and power requirements) \* \* \* (xxiv) [*sic*] any and all other labor costs incurred by Landlord which shall be related to employment of personnel \* \* \* whether pursuant to any collective bargaining agreement or voluntarily assumed by Landlord \* \* \* (b) Such expenses shall not include \* \* \* (ii) any expenses referred to in subparagraph (a) of this Section 22.02 for which Landlord shall have been reimbursed or is entitled to reimbursement". Schroder paid its percentage of increased operating costs under the escalation clause until 1980, when it claimed that the payments made to the landlord by the other tenants as additional rent under the porter's wage clause constituted reimbursement to South Ferry for increases in the cost of operation and maintenance of the building and to that extent are not chargeable to it, pursuant to section 22.02 (subd [b], par [ii]). Similarly, Schroder maintained that payments made by all tenants to the landlord for the electricity furnished for space occupied by those tenants, should be deemed reimbursement for the cost of providing electricity to the common areas of the building to the extent that those payments exceed the actual cost of providing electricity to the space occupied by these tenants and are "profit" and thus are to be deducted from the operating costs under subdivision (b) of section 22.02 in calculating Schroder's pro rata obligation for increases. Schroder refused to pay these charges. The instant action was ultimately commenced and the subject motions made. Special Term denied both the motion and cross motion for partial summary judgment because of unspecified disputed issues of fact. We disagree and grant South Ferry's cross motion for partial summary judgment, based upon the clear language of the lease. The provisions of the lease plainly and specifically set forth in detail those expenses comprising the "Cost of Operation and Maintenance", increases in which form the basis for the agreed-upon payments. Labor costs are clearly designated with great particularity in this list of expenses and included wages, etc. "pursuant to any collective bargaining agreement". Nowhere has a basis been shown by Schroder for regarding payments made under the porter's wage agreements, specifically denominated "additional rent", as reimbursement of expenses rather than "additional rent". Nor has Schroder rebutted South

---

\* Approximately proportionate to the percentage of rentable space in the premises occupied by Schroder.

Ferry's evidence on the question of "generally accepted accounting principles and practices applicable to real property consistently applied to the operation and maintenance of similar buildings" (§ 22.02, subd [a]). Similarly, under this lease, there is no basis for regarding any excess in payments by tenants for electrical expenses in their own space as reimbursement to the landlord for electrical expenses in the common areas. In fact, the lease itself specifically *excludes* "electricity furnished to spaces of Tenant and other tenants and occupants of the Building for their own lighting and power requirements" (§ 22.02, subd [a], par [iv]) from the expenses included in the "Cost of Operation and Maintenance". The tenant must live up to the clear terms of the lease it negotiated at arm's length. Concur — Sullivan, J. P., Asch, Bloom, Fein and Milonas, JJ.